UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

John Bohnenblusch and                                   Case No. 10-79097-ast
Lisa Bohnenblusch,                                      Chapter 7

                              Debtors.
---------------------------------------------------------X

## DECISION AND ORDER SETTING EVIDENTIARY HEARING
## ON MOTION FOR DISMISSAL OF CASE UNDER SECTION 707(b)

On November 20, 2010 ("Petition Date"), John Bohnenblusch and Lisa Bohnenblusch ("Debtors") filed a joint petition for relief under Chapter 7 of the Bankruptcy Code[1] (the "Petition"). [dkt item 1]

The Petition indicates that the Debtors are individuals, and that debts they owe are primarily consumer debts. [dkt item 1]  The Petition included a Schedule I–Current Income of Individual Debtors ("Schedule I"), a Schedule J–Current Expenditures of Individual Debtors ("Schedule J"), and a Chapter 7 Statement of Current Monthly Income and Means-Test Calculation ("MTC"). [dkt item 1]

On the Petition Date, the Clerk of the Court sent a Notice of Deficient Filing ("Deficiency Notice") to Debtors, requesting, *inter alia*, copies of all pay statements received by Debtors within sixty days prior to filing, from any employer. [dkt item 4]  On December 10, 2010, Debtors filed certain employee income records. [dkt items 10, 11]

On December 16, 2010, Debtors filed an Amended Schedule I and an Amended MTC. [dkt items 13, 14]

---

[1] References to the Bankruptcy Code or the Code are to Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

1

On December 21, 2010, the United States Trustee's Office (the "UST") filed a Statement that, based upon the documents filed by Debtors, the UST was unable to determine whether granting relief to the Debtors would be presumed an abuse of Chapter 7 provisions, pursuant to Section 707(b)(2) of the Code (the "Means Test"). [dkt item 15]; 11 U.S.C. §§ 704(b)(1)(A), 707(b)(2). On January 19, 2010, the UST filed a Supplemental Statement of Presumed Abuse, concluding that based on the Debtors' filings, there would indeed be a presumption of abuse under the Means Test. [dkt item 19]; 11 U.S.C. §§ 704(b)(1)(A), 707(b)(2).

On January 19, 2011, the UST filed a Motion to Dismiss the Case under Sections 707(b)(1), (2), and (3), and under Rule 1017 of the Federal Rules of Bankruptcy Procedure[2] (the "Motion"). [dkt item 18]; 11 U.S.C. § 707(b); FED. R. BANKR. P. 1017. On March 1, 2011, Debtors jointly filed Affidavits in Opposition to the Motion ("Opposition"). [dkt item 24]

In the Opposition, Debtors assert, *inter alia*, that Mr. Bohnenblusch's six-month income that was used to calculate the Means Test was not representative of his typical income, and that, therefore, a presumption of abuse does not arise. Debtors stated that in that six-month period, Mr. Bohnenblusch was able to work an inordinate number of overtime hours, and that the magnitude of additional hours was only available once every ten or fifteen years. [dkt item 24]

On March 8, 2011, the Court held a hearing on the Motion and Opposition (the "Hearing"). Mr. Bohnenblusch, Debtors' attorney, and an attorney for the UST appeared. At the Hearing the question arose whether a facial showing of a presumption of abuse under the Means Test was sufficient to dismiss this case without an evidentiary hearing, or whether the presumption of abuse had been rebutted by Debtors' affidavit testimony that the income used for calculating the Means Test was not representative of Debtors' regularly recurring income.

---

[2] Unless otherwise noted, references to the Rules are to the Federal Rules of Bankruptcy Procedure.

*Presumption of Abuse*

Section 707(b)(1) of the Bankruptcy Code provides:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter.

11 U.S.C. § 707(b)(1). Section 707(b)(2)(A)(i) provides that, in considering Section 707(b)(1), a court should presume abuse "if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of— (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $7,025, whichever is greater; or (II) $11,725." 11 U.S.C. § 707(b)(2)(A)(i).[3] In pertinent part, Section 101(10A) of the Code defines the term "current monthly income" as the average monthly income that joint debtors receive, from any source, derived during the six-month period ending on the last day of the calendar month immediately preceding the date of the commencement of the case. 11 U.S.C. § 101(10A).

Section 707(b)(2)(B) provides:

> [T]he presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

11 U.S.C. § 707(b)(2)(B).

The Court finds that the UST has adequately demonstrated that a presumption of abuse arises under the Means Test, based on income Debtors received within the statutory six-month

---

[3] This test is commonly referred to as the Means Test.

3

period preceding the Petition Date, after deducting the maximum expenses allowable under Section 707(b)(2) of the Code. The Court further finds that Debtors have raised sufficient counter-allegations, supported by affidavits, to necessitate an evidentiary hearing on whether the presumption can be rebutted by a showing of special circumstances under Section 707(b)(2)(B). *See* 11 U.S.C. § 707(b)(2)(A), (B).

As Chief Judge Craig of this Court has stated in a recent opinion, "[w]hat constitutes a 'special circumstance' is by no means well settled." *In re Cotto*, 425 B.R. 72, 77 (Bankr. E.D.N.Y. 2010) (citing *In re Cribbs*, 387 B.R. 324, 329 (Bankr. S.D. Ga. 2008)) (deeming one-time wage settlement during prepetition six-month statutory period insufficient irregularity to constitute special circumstance to rebut presumption of abuse). Courts will often look to a reduction in a debtor's income relative to the income received in the statutory six-month period preceding the filing date, or an increase in a debtor's expenses relative to expenses during such period, in determining whether special circumstances exist. However, not every such change in income justifies a departure from the statutory calculation of income which is based on income received within the six months preceding the filing date. *See* 6 COLLIER ON BANKRUPTCY 707.04[3][d] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010) ("Such special circumstances could be simply a reduction in the debtor's income below the current monthly income figure . . . ."); 4 Bankr. Serv. L. Ed. § 37:366 (Updated 2011); *cf. Hamilton v. Lanning*, 130 S.Ct. 2464 (2010) (permitting courts to consider known or certain future changes in income when determining projected disposable income for Chapter 13 plan confirmation purposes under Code Section 1325).

Rule 1017(e) provides that a "court may dismiss . . . an individual debtor's case for abuse under § 707(b) only on motion and after a hearing on notice . . . ." FED. R. BANKR. P. 1017(e). A

determination of the proper extent of notice and the type of hearing required are normally determined based on what is appropriate under the particular circumstances of a case. *See* 11 U.S.C. § 102(1).

In the present case, the Court finds that an evidentiary hearing is necessary in order to determine whether Debtors can rebut the presumption of abuse. The evidentiary hearing on dismissal under Section 707(b)(2) will be held on April 26, 2011, at 9:30 a.m. At that time, this Court will also consider the UST's request for dismissal based on Sections 707(b)(1) and (b)(3) of the Code. *See* 11 U.S.C. § 707(b)(1), (3).

Based thereon, it is hereby

**ORDERED**, that a hearing on that part of the Motion seeking dismissal under Section 707(b)(2) of the Code, along with those parts of the Motion seeking dismissal under Sections 707(b)(1) and (b)(3), shall be held on **April 26, 2011, at 9:30 a.m**., in Courtroom 960, United States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, New York; and it is further

**ORDERED**, that the Court shall issue a separate scheduling order for such hearing shall issue; and it is further

**ORDERED**, that the Clerks Office shall serve a copy of this Order upon the Debtors, Debtors' counsel, the chapter 7 trustee, and the Office of the United States Trustee.



**Dated: March 21, 2011**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

5